IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOTORS DRIVES &
CONTROLS, INC.
:
:
:
    V.                       :        C.A. NO. 05-5505
:
:
:
GREENE TECHNOLOGIES, INC.

MEMORANDUM OPINION AND ORDER

RUFE, J.                                                MARCH 10, 2006

       The Plaintiff brought this diversity action, claiming the Defendant failed to return a deposit in the amount of $85,806.75 after Plaintiff cancelled its outstanding orders with the Defendant. Presently before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(1) (subject matter jurisdiction), 12(b)(3) (improper venue), and 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue under 28 U.S.C. sections

1404 or 1406. For the reasons which follow, we will grant the motion to dismiss for improper venue and dismiss this action without prejudice to Plaintiff refiling the action in the appropriate state court.

Plaintiff is a Pennsylvania corporation with its principal place of business in Hatfield, Pennsylvania. Plaintiff manufactures equipment for the processing of mail. Defendant is a New York corporation with its primary place of business in Greene, New York. Defendant manufactures and fabricates engineered metal products.

In 2004, the Plaintiff approached the Defendant about manufacturing component parts for mail handling units. The initial meeting between the parties' representatives took place in Pennsylvania. Following a second meeting in Greene, New York, Defendant issued to Plaintiff quotations on a number of component parts.[1] On the reverse side of each quotation form are Plaintiff's standard Terms and Conditions.[2] The Terms and Conditions begin with a general

---

[1] Exhibit E to Defendant's Motion to Dismiss/ Transfer.

[2] Exhibit F to Defendant's Motion to Dismiss/Transfer.

statement that "[t]his Sale is Subject to the Following Terms and Conditions." Paragraph 17 of the Terms and Conditions provides as follows:

> Law Governing: the interpretation and performance of this contract shall be in accordance with and shall be controlled by the laws of the State of New York. Buyer consents to jurisdiction of the courts of the State of New York with venue in Chenango County.

Plaintiff subsequently sent two purchase orders to Defendant for a number of component parts.[3] These purchase orders did not contain any terms and conditions from the Plaintiff, let alone a choice of law and forum selection clause. Defendant did not sign these purchase orders, but instead issued its own Customer Order Acknowledgment for each component part.[4] The back of each Customer Order Acknowledgment also contained Plaintiff's standard Terms and Conditions, including the choice of law and forum selection clauses.[5] On March 14, 2005, Defendant sent to Plaintiff an invoice confirming that Plaintiff would pay

---

[3] Exhibits C and D to Defendant's Motion to Dismiss/Transfer.

[4] Exhibit G to Defendant's Motion to Dismiss/Transfer.

[5] Exhibit H to Defendant's Motion to Dismiss/Transfer.

20% of the material costs of Plaintiff's two purchase orders up front for a total of $88,752.43.[6] The Plaintiff paid the full amount of the deposit. All of the component parts were to be manufactured in Greene, New York. A dispute developed and Plaintiff canceled its outstanding orders with the defendant and demanded the return of the deposit which had a balance of $85,806.75.

> 28 U.S.C. section 1391(a) provides:
>
> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of a property that is the subject of the action is situated….

Defendant argues that this matter must be dismissed or transferred to a court in New York based on the presence of the choice of law and forum selection clauses in Defendant's quotations and acknowledgments and because a substantial part of the events giving rise to Plaintiff's claim

---

[6] Exhibit B to Defendant's Motion to Dismiss/ Transfer.

occurred in New York. The Court agrees.

Although the presence of a forum selection clause in the parties' agreement is not dispositive, it is entitled to substantial consideration.[7] "Forum selection clauses are `prima facie valid' and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances.'"[8] In addition, where a choice of law clause is present in a contract, the court should give great weight to it in determining the proper forum.[9]

In the case sub judice, it is undisputed that Defendant's quotations and acknowledgments contained a number of Terms and Conditions one of which specified that the interpretation and performance of the contract was to to be controlled by New York law and that the Buyer (Plaintiff) consents to the jurisdiction of New York with venue

---

[7] Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995).

[8] W.G. Nichols v. K-Mart, 2001 US Lexis 24131 at 5-7 (E.D.Pa. 2001), (quoting The Bremen v. Zapata Offshore Co., 407 U.S. 1, 10 (1972)).

[9] Lieb v. American Pacific International, Inc., 489 F.Supp. 690, 697 (E.D.Pa. 1980)

in Chenango county. Coupled with the fact that the record reveals that the primary negotiations regarding the contract took place in New York and the actual manufacturing of the parts Plaintiff ordered took place in New York, the choice of law and forum selection clauses specifiying New York yield the result that venue is not proper in the Eastern District of Pennsylvania.

Plaintiff contends that since the invoice Defendant issued to Plaintiff, unlike the Defendant's Quotations and Acknowledgments, does not contain any of Defendant's Terms and Conditions, including a forum selection clause, the forum selection clause contained in the other documents is irrelevant. The Court disagrees.

As of March 14, 2005, the date of Defendant's invoice, the agreement between the parties was defined by the Terms and Conditions on the back of Defendant's Quotations (which contained the choice of law and forum selection clause), Plaintiffs two Purchase Orders (which did not contain any terms and conditions) and the Terms and Conditions on the back of Defendant's Acknowledgments

(which contained the choice of law and forum selection clauses). The invoice for the deposit arose out of the parties' agreement for the purchase and sale of component parts. In short, the invoice was subject to Defendant's standard Terms and Conditions, including the choice of law and forum selection clauses.

For the foregoing reasons, the Court finds venue is improper in this district. Since the Court cannot transfer a federal case to a non-federal forum[10], the Court will dismiss this action without prejudice to plaintiff refiling the action in the appropriate state court in Chenango County, New York.

---

[10] Salovaara v. Jackson Nat. Life Ins.Co., 246 F.3d 289, 298 (3d Cir. 2001).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOTORS DRIVES &
CONTROLS, INC.
:
:
:
V.                              :        C.A. NO. 05-5505
:
:
:
GREENE TECHNOLOGIES, INC.

ORDER

AND NOW, this 10th of March, 2006, upon consideration of the Defendant's Motion to Dismiss and all responses thereto, it is hereby ORDERED that the motion of the Defendant to dismiss for improper venue pursuant to Federal Rule of Civil procedure 12(b)(3) is GRANTED.

The Complaint is DISMISSED WITHOUT PREJUDICE to plaintiff refiling the Complaint in the appropriate state court in Chenango County, New York.

IT IS SO ORDERED.        /S/ CYNTHIA M. RUFE, J.

_____

CYNTHIA M. RUFE, J.